UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLAIRE COVINGTON | CIVIL ACTION No. 10-706 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KEITH D. PETERSON & CO., INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Keith D. Peterson and Company, Inc.'s ("Peterson") Motion to Dismiss Pursuant to Rule 12(b)(6) and Motion for Summary Judgment. (Record Document 23). Peterson asserts that Plaintiff, Claire Covington ("Covington"), has failed to establish a *prima facie* case of age discrimination and failed to state a claim for which relief can be granted, as she has shown no recoverable damages. After a review of the record, including Covington's opposition to Peterson's motion (Record Document 27), Peterson's motion for summary judgment is **GRANTED**.[1]

**BACKGROUND**

Peterson hired Covington in 1995, when she was 64 years of age, as a Customer Service Representative ("CSR"). (Record Document 23-2 at 5). On April 16, 2007, Covington began working part-time for Peterson.[2] See id. On April 9, 2008, Peterson

---

[1] In her opposition to Peterson's motion, Covington states that there is a genuine issue of material fact "regarding Plaintiff's retaliation claims." (Record Document 27). However, after a review of both Covington's complaint and Covington's briefings to the Court, retaliation is not a claim raised or discussed by either party. Therefore, this claim is not properly before this Court and will not be addressed.

[2] Peterson alleges that Covington requested a change from a full-time position to part-time position. (Record Document 23-2 at 5). Covington does not address this but does state that "[t]he facts are, with few exceptions, uncontested." (Record Document 27-2 at 5).

1

eliminated the part-time position and terminated Covington's employment. (Record Document 23-2 at 6).

On October 10, 2008, Covington filed a Charge of Discrimination, which lead to the filling of the above captioned matter. (Record Document 27-1 at 1-2). Covington is alleging that her termination was based on her age, in violation of the Age Discrimination Employment Act ("ADEA").

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Id. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Burke v. Allison, 2010 WL 3827942, *3 (S.D. Miss. 2010).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could

---

[3]The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

2

not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## LAW AND ANALYSIS

### Age Discrimination

"To demonstrate age discrimination a plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." Rachid v. Jack In The Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).

A plaintiff may establish age discrimination by either direct evidence or indirect evidence. See id. If the plaintiff provides indirect evidence of discrimination, the McDonnell Douglas test applies. See id. Under the McDonnell Douglas test,

> the plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff. If the defendant can make the necessary showing, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative).

See id. (Citations omitted) "To avoid summary judgment, an age discrimination plaintiff must present evidence that both (1) rebuts the employer's non-discriminatory reason, and (2) creates an inference that age was a determinative factor in the challenged employment

3

decision." Ross v. University of Texas at San Antonio, 139 F.3d 521 (5th Cir. 1998).

Covington attempts to avoid the McDonnell Douglas burden-shifting framework by asserting what she believes to be direct evidence of age discrimination. (Record Document 27-2 at 7). Covington states that "she was repeatedly questioned on many occasions as to when she would retire from employment." See id. However, this is not direct evidence of age discrimination "because it requires one to infer that [she] was fired because of [her] age based on [her employer's] comment that it was time for [her] to retire." Martin v. Bayland Inc., 181 Fed. Appx. 422, 424 (5th Cir. 2006) (Finding that an employer's comment that "I think it's time to hang it up and you-for you to retire" did not constitute direct evidence of age discrimination). "There is a link between retirement and age, but it is not a necessary one." See id.; See also Scott v. Potter, 182 Fed. Appx. 521, 526 (5th Cir. 2006) (Finding the statement "Why don't you retire and make everybody happy" was not direct evidence of age discrimination.) Therefore, the evidence offered by Covington is circumstantial evidence and the McDonnell Douglas framework applies.

In analyzing Covington's *prima facie* case, Peterson concedes all but the final prong. Peterson asserts that Covington cannot prove that she was either "i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age." Rachid v. Jack In The Box, Inc., 376 F.3d at 309. It is undisputed that Covington's specific job was eliminated. (Record Document 23-2 at 11; Record Document 27-2 at 8). However, Covington "submits that there were jobs available for her and that her job duties were assumed by a younger person hired *after* Plaintiff's job was eliminated." (Record Document 27-2 at 8) (Emphasis added). Covington only cites to the following portions of her deposition for this proposition:

4

> Q. So, is it, it's your testimony that there was a full-time position available at K.D. Peterson and you weren't considered for that position.
> A. Right.
> Q. And Lisa What's-Her-Name is....
> A. Yeah.
> Q. Do you recall her last name?
> A. Well, I mean it starts with a J. That's all I can say. I think it's somewhere in all of this.
> Q. Can we agree that Lisa is younger than you are?
> A. Yes.

(Record Document 27-3 at 15). In the portions of her deposition immediately preceding the above quoted portion, Covington admits Lisa was hired *before* Covington was fired. (Record Document 28 at 5).[4] Therefore, while Covington's allegations are persuading on their face, they are not backed by the portions of the record to which she directs this Court.[5] Therefore, there is no competent summary judgment evidence that "there were jobs available for her and that her job duties were assumed by a younger person hired *after* Plaintiff's job was eliminated." (Record Document 27-2 at 8).

Further, in her opposition to Peterson's motion, Covington is unable to provide sufficient summary judgment evidence to satisfy her burden that she was discharged because of her age. The only evidence to this point is Covington's age at her firing, 76, and the remarks regarding retirement. The Fifth Circuit "has repeatedly held that 'stray remarks' do not demonstrate age discrimination." E.E.O.C. v. Texas Instruments Inc., 100 F.3d 1173, 1181 (5th Cir. 1996). Her age and stray remarks are insufficient to satisfy

---

[4] Covington states in her deposition that "when I was terminated they had already hired Lisa." (Record Document 27-3 at 15).

[5] "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).

5

Covington's *prima facie* burden.

Notwithstanding, even assuming that Covington could meet her *prima facie* burden, Peterson has provided a legitimate, nondiscriminatory reason for Covington's termination. A reduction in force is presumptively a legitimate, nondiscriminatory reason for discharge. E.E.O.C. v. Texas Instruments Inc., 100 F.3d 1173, 1181 (5th Cir. 1996). Peterson claims there was not enough work to justify Covington's employment and her position was terminated. (Record Document 23-2 at 12). In support of this reason for termination, Peterson cites to a portion of Covington's deposition where she was asked if she had enough work to keep her busy. Her reply was "No. Wait. Wait. At times. It, it varied." (Record Document 23-2 at 6).

Upon showing a legitimate and nondiscriminatory reason for Covington's termination, the burden now shifts back to Covington to show that the reason given is merely a pretext or that her firing was motivated by her age. "The plaintiff can prove the employer's articulated reasons are pretexts in two ways, either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence." Amburgery v. Corhart Refractories Corp., Inc., 936 F.2d 805, 813 (5th Cir. 1991). Covington is not required to prove that Peterson's reasons are false. She is, however, "required to provide evidence sufficient to create a material fact issue on whether [her] termination was motivated by age." Barber v. Shaw Group, Inc., 243 Fed. Appx. 810, 812 (5th Cir. 2007). As noted by Covington, the concern in a reduction case is "why, given the employer's need to reduce his workforce, he chose to discharge the older rather than the younger employee." Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633, 645 (5th

6

Cir.1985). (Abrogated on other grounds by St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993)).

Covington points out that she was an "exemplary employee." (Record Document 27-2 at 9). Covington states that "Defendant cannot demonstrate why Plaintiff's job was included in a reduction when Defendant was actually hiring other employees to perform job duties Plaintiff *could have performed*." See id.(emphasis added)[6]

As previously addressed, Peterson's comments about Covington's retirement are not relevant here. As shown *supra*,"In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee.*"* E.E.O.C. v. Texas Instruments Inc., 100 F.3d 1173, 1181 (5th Cir. 1996). The comments made by Peterson, i.e., questioning Covington about when she would retire, do not meet this standard and therefore are not probative.

The only unique evidence Covington provides on this point is that she requested work she was capable of performing but it was not given to her. (Record Document 27-3 at 27). Covington mainly argues she could have handled other employees' accounts for them while they were away or on vacation. See id. Covington admits that her part-time job did not include working on accounts. (Record Document 27-3 at 15). Covington does not show that her job duties were taken away from her in favor of a younger employee. Rather,

---

[6]The Court notes that Peterson hiring employees to perform job duties Covington "could have performed" is not the same as taking job duties away from Covington so as to eliminate her position.

7

it appears Covington is alleging that she was not given additional job duties to fill her time at work.

Limiting Covington to her actual job duties does not prove Peterson's reduction in force was pretextual. In fact, Covington's admission that she was seeking other work only serves to prove her part-time position did not provide her with enough work. The "federal anti-discrimination statutes are not vehicles for judicial second-guessing of employment decisions, nor open invitations for courts to become personnel managers." Pate v. Baker Tanks Gulf South, Inc., 34 F. Supp.2d 411, 418 (W.D. La. 1999).

In analyzing the concern raised in Thornbrough, Peterson has shown that the reason Covington was discharged, while younger employees were not, is because they did not have the same job and Covington has failed to show that this reason unworthy of credence. Covington was the company's only part-time employee. (Record Document 28 at 6). Covington admits that, at least at times, she did not have enough work to keep her busy.

In Kass v, Albemarle Corp., 220 F.3d 584 (5th 2000), in affirming a district court's granting of summary judgment in a very similar case, the Fifth Circuit "[wrote] separately only to emphasize that an ADEA plaintiff's burden on summary judgment to demonstrate a genuine question of material fact regarding pretext requires not just evidence on which a jury could infer that the proffered reason was false but also evidence that age was the real reason." In Kass, "[the Plaintiff's] arguments that (1) she was the oldest, and therefore, most qualified worker in her position, and (2) she received positive work evaluations in the past, were also insufficient to create a question of discriminatory intent." See id. Similarly here, Covington showing that she was qualified to perform job duties above and beyond the scope of her part-time employment and the fact she was an exemplary employee are

8

insufficient to prove Peterson's reason for a reduction in force is pretextual. In what amounts to a close call, Covington has failed to meet her burden in showing a material dispute of fact exists that Peterson's reason for termination was a pretext or motivated by age.[7]

## CONCLUSION

Covington cannot meet her *prima facie* burden of proof and therefore Peterson is entitled to summary judgment of Covington's age discrimination claim. Moreover, even if Covington could make a *prima facie* showing, Peterson has established a legitimate, nondiscriminatory reason for her termination and Covington cannot prove this reason to be pretextual. For these reasons, Peterson is entitled to summary judgment and Covington's claims are dismissed.

Accordingly,

**IT IS ORDERED** that Defendant Keith D. Peterson and Company, Inc. be and hereby is **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of December, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[7]Peterson raises arguments regarding the lack of damages in this matter, requiring 12(b)(6) dismissal. At initial glance, it appears this argument has merit. However, since this claim fails on the merits, it is not necessary to address these arguments.